**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sandra ARREOLA–HERNANDEZ,
Defendant–Appellant.**

No. 06–40897
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 2007.

James Lee Turner, Assistant US Attorney, US Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

---

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM: *

Sandra Arreola–Hernandez appeals her guilty-plea conviction and sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Arreola–Hernandez argues that the district court misapplied the Sentencing Guidelines by characterizing her state felony conviction for possession of a controlled substance as an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C).

Because Arreola–Hernandez has completed the confinement portion of her sentence, any argument that the term of incarceration should be reduced is moot, and the only portion of the sentence remaining for consideration is her term of supervised release. However, Arreola–Hernandez has been removed from the United States. Because Arreola–Hernandez is barred from returning to the United States, and there is no indication that she has waived her right to be present for resentencing, Arreola–Hernandez's challenge to the validity of her sentence is moot. *See United States v. Rosenbaum–Alanis,* 483 F.3d 381, 383 (5th Cir.2007). The appeal is therefore DISMISSED as to Arreola–Hernandez's sentence.

For the first time on appeal, Arreola–Hernandez also challenges the constitutionality of 8 U.S.C. § 1326(b) in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Arreola–Hernandez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Arreola–Hernandez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* 546 U.S. 919, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Arreola–Hernandez properly concedes that her argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but she raises it here to preserve it for further review. Accordingly, Arreola–Hernandez's conviction is AFFIRMED; MOTION TO FILE SUPPLEMENTAL BRIEF DENIED AS UNNECESSARY.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.